LEWIS, J.,
concurring in result only.
I concur in result only because while I do agree with the result of the district court of appeal below, I cannot agree with the entirety of its reasoning. In a similar fashion, I agree with the result of the majority, but not entirely with its reasoning or analysis. In my view, the Legislature intended the applicable statutory provision to establish broad protections for victims of abuse in this area. Yet, the words of limitation from the district court below and the limitations in the discussion of the protections afforded by the statute here do not provide a scope of protection to victims as established by the statutory provision.
Instead of providing clarity to this area of law by specifically articulating the wide scope of protections afforded by the statute, the majority focuses its opinion on reaching the rather obvious conclusion that the term “mentally defective,” defined by section 794.011, Florida Statutes (2007), to mean that a “mental disease or defect which renders a person temporarily or permanently incapable of appraising the nature of his or her conduct,” does not equate to the legal definitions of either insanity or competency. Furthermore, I cannot agree with the majority’s reliance on what the majority describes as the “well-reasoned conclusion” of the Fifth District that the term “mentally defective” means “significantly diminished judgment, but not a complete and total lack of mental awareness.” See Majority Op. at 282 n. 3, *283 282; State v. Dudley, 64 So.3d 746, 752 (Fla. 5th DCA 2011). That is far too limited.
In fact, neither the majority nor the Fifth District has attempted to actually discuss the parameters of the statutory definition of “mentally defective.” Both courts have skirted the issue, utilizing the dictionary definitions of the words “defective” or “deficient” to define a phrase that has already been defined by section 794.011(1)(b) to mean “incapable of appraising the nature of his or her conduct.” Quite simply, by failing to even attempt to provide a field of operation for the statutory definition of “mentally defective” as it was articulated by the Legislature, the majority has emasculated the legislative design that was clearly intended to broadly protect certain persons from being taken advantage of and sexually abused.
Accordingly, because I cannot ascribe to the majority’s limited interpretation of the statutorily defined term “mentally defective,” I concur in result only.